**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EMILEE SCHOFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALDI, INC.,<br><br>Defendant. | Case No. 1:25-cv-12137<br><br><br>Judge John F. Kness |

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant ALDI INC. (improperly identified as ALDI, INC.), by and through its attorneys, submits its Answer and Affirmative Defenses to Plaintiff EMILEE SCHOFIELD'S Complaint as follows:

**<u>COMPLAINT ¶1:</u>**

This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*. (hereinafter "ADEA"), and the Illinois Human Rights Act, 775 ILCS 5/1-101 (hereinafter "IHRA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's intentional and systematic discrimination based on Plaintiff's disability and age, lawful exercise of her rights under the ADA, ADEA, and in retaliation for Plaintiff's protected requests.

**<u>ANSWER:</u>**

Defendant admits the allegations in Paragraph 1 identifying the statutory basis for the lawsuit. Answering further, Defendant denies that it acted unlawfully, and that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶2:**

This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and ADEA.

**ANSWER:**

Defendant admits this Court has jurisdiction over Plaintiff's claims. Defendant denies the remaining allegations in Paragraph 2, including that it deprived Plaintiff of her rights under the ADA and ADEA.

**COMPLAINT ¶3:**

This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**

Defendant admits this Court has jurisdiction over Plaintiff's claims. Defendant denies any remaining allegations in Paragraph 3.

**COMPLAINT ¶4:**

Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

**ANSWER:**

Defendant admits that venue is proper in this District. Defendant denies the remaining allegations in Paragraph 4, including that it engaged in any unlawful employment practices.

**COMPLAINT ¶5:**

Plaintiff, Schofield, is a citizen of the United States was at all times material, a resident of the State of Illinois.

**ANSWER:**

Upon information and belief, Defendant admits the allegations in Paragraph 5.

**COMPLAINT ¶6:**

Defendant, ALDI, is a For-Profit Corporation operating within this district at its 1100 E. Warrenville Road, Naperville, Illinois 60563 location.

**ANSWER:**

Defendant admits the allegations in Paragraph 6.

**COMPLAINT ¶7:**

Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

**ANSWER:**

Defendant admits the allegations in Paragraph 7.

**COMPLAINT ¶8:**

Plaintiff has complied with all statutory prerequisites to filing this action.

**ANSWER:**

Defendant denies the allegations in Paragraph 8.

**COMPLAINT ¶9:**

On January 22, 2024, Plaintiff dual-filed a timely claim with the Illinois Department of Human Rights Commission (“IDHR”) and the Equal Employment Opportunity Commission (“EEOC”), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability and age discrimination and retaliation.

**ANSWER:**

Defendant admits that Plaintiff dual-filed charges alleging disability discrimination, age discrimination, and retaliation with the Illinois Department of Human Rights and Equal Employment Opportunity Commission on January 22, 2024. Defendant denies all remaining allegations in Paragraph 9.

**COMPLAINT ¶10:**

Plaintiff’s EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

**ANSWER:**

Defendant admits that Plaintiff filed her EEOC Charge within 300 days of her termination of employment. Defendant denies all remaining allegations in Paragraph 10.

**COMPLAINT ¶11:**

On March 5, 2024, the EEOC issued a Notice of Right to Sue.

**ANSWER:**

Defendant admits the allegations in Paragraph 11.

**COMPLAINT ¶12:**

The Parties entered a Tolling Agreement extending Plaintiff's statute of limitation through November 5, 2025.

**ANSWER:**

Defendant admits that the parties entered a tolling agreement extending Plaintiff's 90-day statute of limitations deadline for the filing of a federal lawsuit asserting only the ADA, ADEA, and IHRA claims contained herein. Defendant denies all remaining allegations in Paragraph 12.

**COMPLAINT ¶13:**

Plaintiff now timely files her complaint.

**ANSWER:**

Defendant admits that Plaintiff filed her Complaint within the time allotted by the parties' tolling agreement. Defendant denies all remaining allegations in Paragraph 13.

**COMPLAINT ¶14:**

Plaintiff began her employment Defendant in March 2018 and worked as a full-time employee working or exceeding 40 hours per week.

**ANSWER:**

Defendant admits that Plaintiff began her employment in March 2018, and that she was a full-time employee. Defendant denies all remaining allegations in Paragraph 14.

**COMPLAINT ¶15:**

At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA, ADEA, and IHRA.

**ANSWER:**

Defendant admits the allegations in Paragraph 15.

**COMPLAINT ¶16:**

Plaintiff is over 40 years of age.

**ANSWER:**

Defendant admits the allegations in Paragraph 16.

**COMPLAINT ¶17:**

At the time of her separation from Defendant, Plaintiff held the position of Risk Analyst II.

**ANSWER:**

Defendant admits the allegations in Paragraph 17.

**COMPLAINT ¶18:**

At all relevant times Plaintiff suffered from a disability.

**ANSWER:**

Defendant denies the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Defendant was aware at all times material and had been aware of Plaintiff's disabilities since Plaintiff began her employment with Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Plaintiff's disabilities substantially limited one or more of her major life activities and constitute a disability under applicable law.

**ANSWER:**

Defendant denies the allegations in Paragraph 20.

**COMPLAINT ¶21:**

Plaintiff was able to perform essential job functions at all times during her employment with Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 21.

**COMPLAINT ¶22:**

Upon hire, Plaintiff made Defendant's management team aware that she suffered from a qualifying disability as defined by the ADA and IHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 22.

**COMPLAINT ¶23:**

Plaintiff performed successfully in her role and without issue for several years until January 2023, when Darla Lacan-Bradley was promoted to a Lead Supervisor role.

**ANSWER:**

Defendant denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

Promptly after Ms. Lacan-Bradley's promotion to Lead Supervisor, Plaintiff disclosed her disability to Ms. Lacan-Bradley.

**ANSWER:**

Defendant denies the allegations in Paragraph 24.

**COMPLAINT ¶25:**

Immediately after Plaintiff's disclosure of her disability, Ms. Lacan-Bradley began weaponizing this information against Plaintiff for several months.

**ANSWER:**

Defendant denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

For example, Ms. Lacan-Bradley began micromanaging and harassing Plaintiff so severely that she triggered the symptoms of Plaintiff's disability on several occasions, causing Plaintiff to suffer a full attack.

**ANSWER:**

Defendant denies the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Immediately after this incident, Ms. Lacan-Bradley confronted Plaintiff regarding her email tonality and accused Plaintiff of being "hostile" towards a vendor.

**ANSWER:**

Defendant denies the allegations in Paragraph 27.

**COMPLAINT ¶28:**

Plaintiff apologized to the vendor who was confused by the apology and confirmed she [the vendor] did not find the tone to be offensive.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 28.

**COMPLAINT ¶29:**

This marked the beginning of a pattern of retaliation following Plaintiff's disability flare-ups suggesting a strong causal connection between Plaintiff's disability and Defendant's discriminatory animus.

**ANSWER:**

Defendant denies the allegations in Paragraph 29.

**COMPLAINT ¶30:**

In February 2023, as a reasonable accommodation Plaintiff requested an extended lunch break on Thursdays to attend appointments with her therapist. Although this reasonable accommodation was approved, Ms. Lacan-Bradley would habitually schedule meetings during Plaintiff's Thursday lunch break and then demand Plaintiff to reschedule her therapist appointment. Resulting in Defendant's failure to provide any reasonable accommodation or otherwise engage in the interactive process.

**ANSWER:**

Defendant admits that it allowed Plaintiff to attend appointments with her therapist.

Defendant denies all remaining allegations in Paragraph 30.

**COMPLAINT ¶31:**

Although initially approved, Ms. Lacan-Bradley would intentionally prevent Plaintiff from utilizing the accommodation.

**ANSWER:**

Defendant denies the allegations in Paragraph 31.

**COMPLAINT ¶32:**

Ms. Lacan-Bradley's actions in response to Plaintiff's accommodation requests demonstrate a causal connection between Plaintiff's protected activity and the ensuing retaliation.

**ANSWER:**

Defendant denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

As Plaintiff began to work on the task, Plaintiff inquired about the vetting policy as Ms. Lacan-Bradley often improperly added vendors without following Defendant's policy.

**ANSWER:**

Defendant denies the allegations in Paragraph 33.

**COMPLAINT ¶34:**

Ms. Lacan-Bradley immediately retaliated against Plaintiff by reassigning the project to another employee, Monika [last name unknown].

**ANSWER:**

Defendant denies the allegations in Paragraph 34.

**COMPLAINT ¶35:**

Ms. Lacan-Bradley displayed similar behavior in or around May 2023 as she instructed Plaintiff to revamp the attorney and adjuster roundtable format.

**ANSWER:**

Defendant denies the allegations in Paragraph 35.

**COMPLAINT ¶36:**

Plaintiff completed the task however, during a staff meeting just a few weeks later, Monika approached Plaintiff and stated that Ms. Lacan-Bradley asked her to revamp the roundtables as well.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 36.

**COMPLAINT ¶37:**

Plaintiff escalated her concerns about the disparate and discriminatory treatment to Directors Clayton Dombrowski and Andrew Starrenburg. No action was taken.

**ANSWER:**

Defendant denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Plaintiff concluded that enduring Ms. Lacan-Bradley's retaliatory offensive conduct had become a condition of her employment with Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

On or about July 14, 2023, Plaintiff was again confronted by Ms. Lacan-Bradley and Risk Manager Jodee Adams, who alleged that a vendor complained about Plaintiff and stated that Plaintiff would be required to attend a "Tactful Communications" class.

**ANSWER:**

Defendant admits that Plaintiff was notified of vendor complaints about her, and that Plaintiff was offered the opportunity to attend additional communications training. Defendant denies all remaining allegations in Paragraph 39.

**COMPLAINT ¶40:**

Plaintiff's disability was again triggered and Plaintiff suffered an attack shortly after the confrontation.

**ANSWER:**

Defendant denies the allegations in Paragraph 40.

**COMPLAINT ¶41:**

Plaintiff requested evidence of the complaint allegedly made against her but was never provided with any.

**ANSWER:**

Defendant denies the allegations in Paragraph 41.

**COMPLAINT ¶42:**

On July 18, 2023, Plaintiff sent an email to Defendant's benefits department inquiring about further accommodation for her disability and the options available including medical leave.

**ANSWER:**

Defendant admits that Plaintiff sent an email to ALDI'S benefits team on July 18, 2023, informing them that she was experiencing anxiety attacks. Defendant denies all remaining allegations in Paragraph 42.

**COMPLAINT ¶43:**

Due to the nature of Plaintiff's disability, Plaintiff became symptomatic during exchanges with Defendant's benefits department representative who failed to engage any further in the interactive process with Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 43.

**COMPLAINT ¶44:**

On September 25, 2023, Ms. Lacan-Bradley issued Plaintiff a baseless write-up in an attempt to create pretext for Plaintiff's termination.

**ANSWER:**

Defendant denies the allegations in Paragraph 44.

**COMPLAINT ¶45:**

The temporal proximity of Plaintiff's disability "flare-ups" and the retaliatory conduct by Ms. Lacan-Bradley raises significant concerns.

**ANSWER:**

Defendant denies the allegations in Paragraph 45.

**COMPLAINT ¶46:**

The temporal proximity of the short interval between Plaintiff's request for reasonable accommodations and Ms. Lacan-Bradley's retaliatory actions appears particularly suspect.

**ANSWER:**

Defendant denies the allegations in Paragraph 46.

**COMPLAINT ¶47:**

Defendant failed to provide Plaintiff a signed copy of the write-up and moreover, issued Plaintiff the written discipline outside of its own progressive discipline policy which requires verbal warnings first.

**ANSWER:**

Defendant denies the allegations in Paragraph 47.

**COMPLAINT ¶48:**

After notification of the September 25, 2023 write-up, Plaintiff discussed the specifics of an email with Ms. Lacan-Bradley and Risk Manager Lisa Rossi, wherein Plaintiff explained in detail that she was unable – at the moment that day – to send emails as Plaintiff was in the midst of an anxiety attack.

**ANSWER:**

Defendant denies the allegations in Paragraph 48.

**COMPLAINT ¶49:**

On or about September 29, 2023, Ms. Lacan-Bradley approached Plaintiff and once again accused Plaintiff of being "hostile" in Plaintiff's email communications.

**ANSWER:**

Defendant denies the allegations in Paragraph 49.

**COMPLAINT ¶50:**

Ms. Lacan-Bradley informed Plaintiff that she would be required to participate in daily meetings aimed at addressing her communication style specifically to make her emails "fluffier," as ambiguously described by Ms. Lacan-Bradley.

**ANSWER:**

Defendant denies the allegations in Paragraph 50.

**COMPLAINT ¶51:**

This directive constituted direct age-based discrimination, as the concept of "fluffy communications," emails that emphasize lighthearted, overly informal language, is a trend commonly associated with younger, "Gen Z" employees, particularly in professional settings.

**ANSWER:**

Defendant denies the allegations in Paragraph 51.

**COMPLAINT ¶52:**

Notably, Plaintiff was never provided with evidence of a vendor or customer complaint regarding her email communications.

**ANSWER:**

Defendant denies the allegations in Paragraph 52.

**COMPLAINT ¶53:**

Moreover, the proposed meetings to "fluff" Plaintiff's emails never transpired; instead, Plaintiff was abruptly terminated on or about October 16, 2023.

**ANSWER:**

Defendant admits that Plaintiff's employment was terminated on or about October 16, 2023.

**COMPLAINT ¶54:**

The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 54.

**COMPLAINT ¶55:**

Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

**ANSWER:**

Defendant denies the allegations in Paragraph 55.

**COMPLAINT ¶56:**

The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

**ANSWER:**

Defendant denies the allegations in Paragraph 56.

**COMPLAINT ¶57:**

The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 57.

**COMPLAINT ¶58:**

Plaintiff has been damaged by Defendant's illegal conduct.

**ANSWER:**

Defendant denies the allegations in Paragraph 58.

**COMPLAINT ¶59:**

Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**ANSWER:**

Defendant admits that Plaintiff has retained the undersigned Plaintiff's counsel. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59.

**Count I: Disability Discrimination under the ADA**

**COMPLAINT ¶60:**

Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-59 above.

**ANSWER:**

Defendant restates its responses to Paragraphs 1-59 as if fully restated herein.

**COMPLAINT ¶61:**

At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

**ANSWER:**

Defendant admits the allegations in Paragraph 61.

**COMPLAINT ¶62:**

At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

**ANSWER:**

Defendant denies the allegations in Paragraph 62.

**COMPLAINT ¶63:**

Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 63.

**COMPLAINT ¶64:**

Plaintiff was able to perform the essential functions of her job at the time of her termination.

**ANSWER:**

Defendant denies the allegations in Paragraph 64.

**COMPLAINT ¶65:**

Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

**ANSWER:**

Defendant denies that Plaintiff has a disability within the meaning of the ADA and therefore denies the allegations in Paragraph 65.

**COMPLAINT ¶66:**

Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout her employment based on her disability, thereby resulting in Plaintiff's unlawful termination.

**ANSWER:**

Defendant denies the allegations in Paragraph 66.

**COMPLAINT ¶67:**

As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

**ANSWER:**

Defendant denies the allegations in Paragraph 67.

**COMPLAINT ¶68:**

Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 68.

**Count II: Failure to Accommodate in Violation of the ADA**

**COMPLAINT ¶69:**

Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-59 above.

**ANSWER:**

Defendant restates its responses to Paragraphs 1-59 as if fully set forth herein.

**COMPLAINT ¶70:**

At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 70.

**COMPLAINT ¶71:**

Plaintiff was able to perform the essential functions of her job at the time of her termination.

**ANSWER:**

Defendant denies the allegations in Paragraph 71.

**COMPLAINT ¶72:**

Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

**ANSWER:**

Defendant denies that Plaintiff is disabled within the meaning of the ADA and therefore denies the allegations in Paragraph 72.

**COMPLAINT ¶73:**

Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Plaintiff's disability.

**ANSWER:**

Defendant denies that Plaintiff is disabled within the meaning of the ADA and therefore denies the allegations in Paragraph 73.

**COMPLAINT ¶74:**

Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

**ANSWER:**

Defendant denies the allegations in Paragraph 74.

**COMPLAINT ¶75:**

Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

**ANSWER:**

Defendant denies the allegations in Paragraph 75.

**COMPLAINT ¶76:**

Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 76.

**COMPLAINT ¶77:**

Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 77.

**Count III: Retaliation in Violation of the ADA**

**COMPLAINT ¶78:**

Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-59 above.

**ANSWER:**

Defendant restates its responses to Paragraph 1-59 as if fully set forth herein.

**COMPLAINT ¶79:**

At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

**ANSWER:**

Defendant admits the allegations in Paragraph 79.

**COMPLAINT ¶80:**

At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

**ANSWER:**

Defendant denies the allegations in Paragraph 80.

**COMPLAINT ¶81:**

Defendant intentionally retaliated against Plaintiff based on her request for reasonable accommodations and use of protected medical leave pursuant to her disability.

**ANSWER:**

Defendant denies the allegations in Paragraph 81.

**COMPLAINT ¶82:**

As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

**ANSWER:**

Defendant denies the allegations in Paragraph 82.

**COMPLAINT ¶83:**

Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 83.

**Count IV: Age Discrimination in Violation of the ADEA**

**COMPLAINT ¶84:**

Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraph 1-59 above.

**ANSWER:**

Defendant restates its responses to Paragraphs 1-59 as if fully restated herein.

**COMPLAINT ¶85:**

Plaintiff is an individual over the age of 40 and is therefore a member of a protected class under the ADEA.

**ANSWER:**

Defendant admits the allegations in Paragraph 85.

**COMPLAINT ¶86:**

At all times relevant, Defendant was an "employer" within the meaning of the ADEA, employing at least twenty (20) or more employees.

**ANSWER:**

Defendant admits the allegations in Paragraph 86.

**COMPLAINT ¶87:**

Plaintiff was qualified for the position held and was performing job duties satisfactorily.

**ANSWER:**

Defendant denies the allegations in Paragraph 87.

**COMPLAINT ¶88:**

Plaintiff was subjected to adverse employment action, including but not limited to harassment, retaliation, and termination on the basis of age.

**ANSWER:**

Defendant denies the allegations in Paragraph 88.

**COMPLAINT ¶89:**

Younger employees with similar or lesser qualifications were treated more favorably than Plaintiff under similar circumstances.

**ANSWER:**

Defendant denies the allegations in Paragraph 89.

**COMPLAINT ¶90:**

Defendant's actions were willful and in reckless disregard of Plaintiff's rights under the ADEA.

**ANSWER:**

Defendant denies the allegations in Paragraph 90.

**COMPLAINT ¶91:**

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic loss, emotional distress, and other damages recoverable under the ADEA.

**ANSWER:**

Defendant denies the allegations in Paragraph 91.

**Count V: Disability Discrimination in Violation of the IHRA**

**COMPLAINT ¶92:**

Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraph 1-59 above.

**ANSWER:**

Defendant restates its responses to Paragraphs 1-59 as if fully restated herein.

**COMPLAINT ¶93:**

At all relevant times being relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the IHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 93.

**COMPLAINT ¶94:**

Defendant is prohibited under the IHRA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

**ANSWER:**

Defendant denies that Plaintiff is disabled within the meaning of the IHRA and therefore denies the allegations in Paragraph 94.

**COMPLAINT ¶95:**

Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout her employment based on her disability, thereby resulting in Plaintiff's unlawful termination.

**ANSWER:**

Defendant denies the allegations in Paragraph 95.

**COMPLAINT ¶96:**

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic loss, emotional distress, and other damages recoverable under the IHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 96.

## Count VI: Failure to Accommodate in violation of the IHRA

**COMPLAINT ¶97:**

Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-59 above.

**ANSWER:**

Defendant restates its responses to Paragraphs 1-59 as if fully restated herein.

**COMPLAINT ¶98:**

At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the IHRA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 98.

**COMPLAINT ¶99:**

Plaintiff was able to perform the essential functions of her job at the time of her termination.

**ANSWER:**

Defendant denies the allegations in Paragraph 99.

**COMPLAINT ¶100:**

Defendant is prohibited under the IHRA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

**ANSWER:**

Defendant denies that Plaintiff is disabled within the meaning of the IHRA and therefore denies the allegations in Paragraph 100.

**COMPLAINT ¶101:**

Defendant is required under the IHRA to engage in the interactive process and provide reasonable accommodations for Plaintiff's disability.

**ANSWER:**

Defendant denies that Plaintiff is disabled within the meaning of the IHRA and therefore denies the allegations in Paragraph 101.

**COMPLAINT ¶102:**

Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

**ANSWER:**

Defendant denies the allegations in Paragraph 102.

**COMPLAINT ¶103:**

Defendant's discriminatory conduct, in violation of the IHRA has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

**ANSWER:**

Defendant denies the allegations in Paragraph 103.

**COMPLAINT ¶104:**

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic loss, emotional distress, and other damages recoverable under the IHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 104.

**Count VII: Retaliation in Violation of the IHRA**

**COMPLAINT ¶105:**

Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraph 1-59 above.

**ANSWER:**

Defendant restates its responses to Paragraphs 1-59 as if fully restated herein.

**COMPLAINT ¶106:**

At all times relevant to this action, Plaintiff was a qualified employee within a disability under the IHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 106.

**COMPLAINT ¶107:**

Defendant intentionally retaliated against Plaintiff based on her request for reasonable accommodations and use of protected medical leave pursuant to her disability.

**ANSWER:**

Defendant denies the allegations in Paragraph 107.

**COMPLAINT ¶108:**

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic loss, emotional distress, and other damages recoverable under the IHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 108.

**Count VIII: Age Discrimination in Violation of the IHRA**

**COMPLAINT ¶109:**

Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-59 above.

**ANSWER:**

Defendant restates its responses to Paragraphs 1-59 as if fully restated herein.

**COMPLAINT ¶110:**

Plaintiff is an individual over the age of 40 and is therefore a member of a protected class under the IHRA.

**ANSWER:**

Defendant admits the allegations in Paragraph 110.

**COMPLAINT ¶111:**

Plaintiff was qualified for the position held and was performing job duties satisfactorily.

**ANSWER:**

Defendant denies the allegations in Paragraph 11.

**COMPLAINT ¶112:**

Plaintiff was subjected to adverse employment action, including but not limited to harassment, retaliation, and termination on the basis of age.

**ANSWER:**

Defendant denies the allegations in Paragraph 112.

**COMPLAINT ¶113:**

Younger employees with similar or lesser qualifications were treated more favorably than Plaintiff under similar circumstances.

**ANSWER:**

Defendant denies the allegations in Paragraph 113.

**COMPLAINT ¶114:**

Defendant's actions were willful and in reckless disregard of Plaintiff's rights under the IHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 114.

**COMPLAINT ¶115:**

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic loss, emotional distress, and other damages recoverable under the IHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 115.

## AFFIRMATIVE DEFENSES

1. To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, such claims are time-barred. Specifically, Plaintiff's discrimination and retaliation claims are barred in whole or in part to the extent they rely on alleged conduct or omissions occurring more than three hundred days before the filing of her underlying charge on January 22, 2024.

2. Plaintiff's discrimination claims are barred in whole or in part to the extent that they rely on conduct outside the scope of her underlying charge of discrimination or to the extent that she failed to exhaust her administrative remedies.

3. Plaintiff's damage claims are barred in whole or in part because she failed to exercise reasonable diligence in the mitigation of damages.

4. To the extent Plaintiff alleges that any employee of Defendant acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

5. Defendant asserts that even if some impermissible motives were a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

6. Relief in the form of punitive or liquidated damages is barred because of Defendant's good-faith efforts to comply with antidiscrimination laws, including the Americans with Disabilities Act, the Age Discrimination in Employment Act and the Illinois Human Rights Act.

7. Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff, plus costs and any and all other relief the Court deems just and proper.

DATED: December 8, 2025

Respectfully submitted,

ALDI INC.

By: s/ Jason M. Torres
One of Its Attorneys

Katherine F. Mendez, Bar No. 6297183
kmendez@seyfarth.com
Jason M. Torres, Bar No. 6278611
jtorres@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2024, a true and correct copy of the forgoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, was electronically filed with the Clerk of the District Court via the Court's electronic case filing/case management (ECF/CM) system and served upon all counsel of record.

/s/ Jason M. Torres
Jason M. Torres